UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ILONA A.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C19-5556 BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found spine disorders, osteoarthritis and allied disorders, affective disorders, anxiety disorders and obesity are severe impairments; plaintiff has the residual functional capacity (RFC) to perform light work subject to additional limitations; and plaintiff cannot perform past relevant work but is not disabled because she can perform other jobs in the national economy. Tr. 50-71.

Plaintiff contends the ALJ: 1) issued a RFC determination inconsistent with the ability to perform light exertional work; 2) erroneously found the jobs identified by the VE exist in significant numbers; 3) failed to include limitations contained in medical opinions to which the ALJ gave great weight; 4) misevaluated lay testimony omitted; and 5) omitted "significant relevant evidence." Dkt. 12 at 1.

ORDER REVERSING AND REMANDING - 1

For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**1. The RFC Determination and Light Exertional Work**

Plaintiff contends the RFC determination is "inconsistent with the ability to perform work at the light exertional level" and the ALJ therefore erred at step five in finding plaintiff can work as a garment sorter or mail clerk, which are classified as light jobs. Dkt. 12 at 6-7. The argument fails. The ALJ did not find plaintiff can perform the full range of work at the light exertional level, as plaintiff's argument implies. Rather the ALJ asked the VE if there are jobs plaintiff could perform given the limitations set forth in the RFC. Tr. 70-71. The VE identified two jobs given those limitations. The inconsistency claimed does not exist and the Court accordingly rejects the argument.

**2. Whether Jobs Exist in Significant Numbers**

The VE testified plaintiff can work as a garment sorter or mail clerk and there are respectively 50,000 and 30,000 jobs that exist in the national economy. Tr. 151. The Commissioner concedes plaintiff lacks the RFC to work as a mail clerk[1] but the Court should affirm because plaintiff waived challenging the VE's testimony by not raising the issue at the administrative level; the Commissioner contends the ALJ thus properly relied upon the expert testimony of the VE. Dkt. 14 at 3-4.

The record shows plaintiff was represented by counsel at the hearing in which the VE

---

[1] Because error is conceded the Court need not address plaintiff's argument, Dkt. 12 at 8, the ALJ erred by giving great weight to the agency psychological consultant who opined plaintiff's limitations preclude such work.

testified, and that counsel questioned the VE but did not challenge the VE regarding the number of jobs. Tr. 153-156. The ALJ "need not inquire sua sponte into the foundation for the expert's opinion." *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017). When the hypothetical the ALJ poses the VE contains all limitations in the RFC, the ALJ may rely on the testimony the VE gave in response to the hypothetical. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

The record establishes plaintiff's attorney did not challenge the VE's testimony about the number of jobs that existed in the national economy. "When a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel." *Shaibi*, 883 F.3d at 1109. In *Shaibi*, the plaintiff presented evidence for the first time on appeal regarding the number of jobs in existence and argued the Court should take judicial notice of evidence. The Court rejected the argument finding *Shaibi* failed to demonstrate good cause and provided no explanation for the failure to challenge the VE's numbers during administrative proceedings. *Id.* Consistent with *Shaibi*, the Court finds plaintiff waived challenging the VE's numbers testimony by failing to challenge the testimony at the administrative level.

As in *Shaibi*, plaintiff argues the Court in this case should find the ALJ erred based upon evidence presented for the first time on appeal. Dkt. 12 at 7-8. However, the Court cannot reverse the Commissioner based upon evidence presented on appeal for the first time unless plaintiff shows "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The evidence plaintiff asks the Court to consider is not new evidence. Rather it is evidence based upon information from 1977 and 1987, as plaintiff's opening brief notes, existed before the hearing the ALJ conducted and thus could have been

ORDER REVERSING AND REMANDING - 3

presented then. Dkt. 12 at 7-8. As plaintiff could have but did not present this evidence during administrative proceedings she fails to demonstrate good cause. *See e.g. Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) (citing *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)). ("[a] claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied. To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier."). The Court accordingly affirms the ALJ's determination that based upon the VE's testimony, garment sorter jobs exist in significant number in the national economy.

**3.     Evaluation of the Lay Testimony**

Plaintiff contends the ALJ misevaluated the lay testimony of her aunt and her cousin. Dkt. 12 at 10. She contends the ALJ failed to give "specifics of why the aunt's statements" were rejected and failed to mention her cousins' statements about her depression and joint pain. *Id.* at 11-12. As the Commissioner correctly notes, even if the ALJ erred, the error is harmless because the ALJ rejected plaintiff's testimony about limitations which are similar to the limitations indicated by the lay witnesses. The ALJ rejected plaintiff's testimony as unsupported by the medical record and inconsistent with her activities. Tr. 69. Plaintiff does not challenge these determinations. Because the ALJ rejected plaintiff's testimony for reasons that are equally relevant to the lay witnesses any error the ALJ may have committed is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (Where ALJ gives reasons for rejecting claimant's testimony regarding her symptoms that are equally relevant to the similar testimony of the lay witnesses, and that would support a finding that the lay testimony was similarly not credible, any error the ALJ committed in failing to address the lay testimony is harmless.). Plaintiff contends in her reply that the Commissioner argument is a post hoc argument. That is not the case. In

*Molina* the Circuit Court held that even if the ALJ erred in failing to give any reason to reject the lay testimony the error is harmless. Hence the Court may properly, under *Molina* consider whether the reasons the ALJ gave to reject plaintiff's testimony also apply to the lay witness. The Court concludes it does and affirms the ALJ's determination regarding the lay evidence of the aunt and cousin.

**4.      Omission of Significant Relevant Evidence**

Plaintiff contends the ALJ omitted or misevaluated the opinions of Jeriel Lorca, M.D., Shavash Safvati, M.D., a County of Los Angeles DMH psychological assessment, records from the Joint, Spine, and Sport Orthopedic, MRI images from 2011, and findings of Pejman Shirazi. Dkt. 12 at 13-15. Plaintiff argues "without discussing every piece of evidence in the exhibit file, the ALJ selectively discusses the record and either leaves out medical evidence or does not include all that is contained in the record , creating an inaccurate picture of [plaintiff's] health." *Id.* at 15.

Plaintiff bears the burden of showing the ALJ harmfully erred. *Molina v. Astrue*, 674 F.3d at 1111. She argues the ALJ failed to discuss all medical evidence or misevaluated some of it without specifying how this was harmful. The failure of the ALJ to mention a medical opinion does relief a claimant from the burden of showing harm. *See Patton v. Colvin*, 792 F3d 1170, 1173 (9th Cir. 2015) ("We reject the idea that not mentioning a treating source's medical opinion precludes use of harmless error doctrine."). Here plaintiff contends the ALJ erred in failing to account for Dr. Lorca's opinion plaintiff is moderately limited in her ability to complete a normal workday or deal with the usual stress of a workplace. However, as the Commissioner points out the RFC determination accounts for these limitations by limiting plaintiff to unskilled repetitive work that does not involve production pace rate. *See* Dkt. 14 at 7-8 (citing cases in support). The

1  ALJ accordingly did not harmfully omit a limitation assessed by Dr. Lorca.

2  Dr. Shirzi examined plaintiff and noted she has significant injuries to her spine, nerve damage and radicular pain, has severe pain in her back and right lower extremity with parsthisaias, numbness and tingling, pain in the shoulder and knee and difficulty pulling pushing, standing, waling, lifting and carrying. Tr. 798. The doctor noted plaintiff is treated with a variety of medications for pain. *Id.* The ALJ rejected the doctor's opinion plaintiff's symptoms greatly reduced her ability to work finding the opinion inconsistent with the "unremarkable physical examination," and inconsistent with the "negative straight leg raising, normal range of motion, full strength and intact sensation." Tr. 66. This is not a valid ground because Dr. Shirzi's opinions about plaintiff's limitations appear to be based upon her severe pain complaints. As the doctor stated: "At this time she depends on the pain medications for the management of her pain and continues to have significant disability." Tr. 792.

The ALJ also rejected Dr. Shirzi's opinions as inconsistent with Dr. Goldman's assessment showing plaintiff has normal gait, lack of tenderness in the paraspinal musculature, negative straight leg raises, normal strength and normal coordination. Tr. 66. The ALJ erred because Dr. Goldman, like Dr. Shirzi found plaintiff's pain problems were her main problem. Dr. Goldman noted plaintiff has years-long history of bilateral lower extremity pain; failed conservative treatment; weakness in the right side; and that given her MRI results she is a candidate for laminectomy and discectomy. Tr. 1261. He further opined her left leg pain was new and caused by compensation due to right leg pain. *Id.* Hence like Dr. Shirzi, Dr. Goldman found despite the physical findings the ALJ noted, plaintiff suffers from significant pain that is so severe that it merits surgery. The Court accordingly finds substantial evidence does not support the ALJ's rejection of Dr. Shirzi's opinion. This error is not harmless because it results

in a RFC determination that does not account for the doctor's opinion.

As to the other medical evidence that plaintiff contends the ALJ failed to address or misevaluated, the Court rejects the notion such a failure alone triggers reversal. The County of Los Angeles DMH records do not contain mental health limitations which the ALJ did not consider in assessing the other evidence of record. Hence the Court cannot say the ALJ impermissibly omitted a mental limitation not noted elsewhere and addressed by the ALJ or committed harmful error. The MRI results are mentioned by Dr. Goldman and as noted above, was relied upon in part by the doctor in his recommendation that plaintiff should undergo surgery to address her back and pain problems. On remand the ALJ should consider the MRI images as he or she reassesses Dr. Shirzi's opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess Dr. Shirzai's opinion, and the MRI evidence; the ALJ shall further develop the record and redetermine plaintiff's RFC as needed and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 19th day of December, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge